[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION FOR SUMMARY JUDGMENT (#111)
On May 24, 1994, the plaintiff, First Connecticut Capital Corp., filed a complaint against the defendants; F.W. Restaurant Assoc., Inc.;[1] Michael P. and Kathleen Z. Duke;[2] Columbia Casualty Co.[3] and Patrick A. LaBella and Joanne J. LaBella.[4] The complaint alleges that F.W. Restaurant Assoc., Inc.; Michael P. Duke; Kathleen Z. Duke; Patrick A. LaBella; and Joanne J. LaBella are in default under the terms of two notes and seeks foreclosure on two properties and a deficiency judgment.
On June 22, 1994, the LaBellas filed an answer and two special defenses. In the first special defense, the LaBellas state that the "note and mortgage required ten days notice of default." The first special defense alleges that because the LaBellas did not receive notice of the default, the action is barred. In the second special defense, the LaBellas allege that they "did not intend to become personally obligated to the plaintiff pursuant to their terms of the transaction which is subject of this action and, therefore, are protected from CT Page 6527 liability for any deficiency that may result." On December 8, 1994, the plaintiff denied the allegations in the first and second special defenses.
On April 5, 1995, the plaintiff filed a motion for summary judgment on its complaint. The motion for summary judgment states that there is no genuine issue of material fact and the plaintiff is entitled to judgment as a matter of law. The plaintiff filed a memorandum of law in support of its motion for summary judgment. The plaintiff submitted an affidavit from Steven A. Breiner, the vice-president of First Connecticut Capital Corp., to which were attached various exhibits[5] including a copy of the promissory notes and the mortgages to the two properties.
On March 22, 1995, the LaBellas filed a memorandum in opposition to the motion for summary judgment. The LaBellas included an affidavit from Patrick A. LaBella. On this date, both parties participated in oral argument before the court.[6]
"Practice Book § 384 provides that summary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Barrett v. Danbury Hospital, 232 Conn. 242. "The party seeking summary judgment has the burden of showing the absence of any genuine issue as to all the material facts which, under applicable principles of substantive law, entitle him to a judgment as a matter of law. . . . and the party opposing such a motion must provide an evidentiary foundation to demonstrate the existence of a genuine issue of material fact. . . . In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party. . . . The test is whether a party would be entitled to a directed verdict on the same facts." (Citations omitted; internal quotation marks omitted.) Suarez v. Dickmont Plastics Corp.,229 Conn. 99, 105, 639 A.2d 507 (1994).
"It is well established that a mortgagee has two separate and distinct causes of action against a defaulting mortgagor. A mortgagee may pursue an action at law for the amount due on the promissory note, or it may pursue its remedy in equity and foreclose on the mortgage. The mortgagee may also pursue both of these remedies simultaneously in one consolidated foreclosure suit." (Citation omitted.) People's Bank v. Bilmor BuildingCorp., 28 Conn. App. 809, 816-17, 614 A.2d 456 (1992). It is CT Page 6528 submitted that in this action, the plaintiff is pursuing both remedies and the court should consider the action under the note and the foreclosure of the mortgage.
The plaintiff's affidavit and exhibits provide a factual basis for each allegation in the complaint.[7] Further, the LaBellas' do not contest the allegations in the complaint.[8]
This court will consider whether there is merit to LaBellas' two special defenses.
First special defense
In the first special defense, the LaBellas allege that they were entitled to ten days notice before default. The LaBellas allege that the plaintiff's failure to provide notice bars the action.
In its memorandum of law, the plaintiff argues that there is no material issue of fact regarding the note and that it is entitled to judgment as a matter of law. The plaintiff contends that "neither the note nor the mortgages contain any provision that requires plaintiff to provide notice of monetary default or acceleration". The plaintiff cites Hartford Federal Savings Loan v. Tucker, 196 Conn. 172, 180 (1985) for the proposition that a lending institution is not always required to give notice before accelerating the payments under a mortgage.
In response, the LaBellas argue that the interpretation of the mortgages and notes is a question of fact. Citing FortuneSavings Bank v. Thibodeau, 1992 Ct. Case Base 10350 (November 18, 1992, Vertefeuille, J.), the LaBellas further argue that if the plaintiff were required to give notice and did not give notice, then the plaintiff could not foreclose.
"A contract must be interpreted to effectuate the intent of the parties, as determined by the language used by the parties, the circumstances surrounding the transaction, and the purpose the parties sought to accomplish." Tremaine v. Tremaine,34 Conn. App. 785, 789, 643 A.2d 1291 (1994). "Although ordinarily the question of contract interpretation, being a question of the parties' intent, is a question of fact. . . . [w]here there is definitive contract language, the determination of what the parties intended by their contractual commitments is a question of law." (Citations omitted.) Levine v. Massey, 232 Conn. 272. CT Page 6529
The note states, in pertinent part, that "all makers . . . waive diligence, demand, presentment for payment, notice of nonpayment, protest and notice of protest." The note also states that "[i]f any payment due hereunder shall not have been paid within ten (10) days after the same is due, . . . then the entire unpaid principal and accrued interest, shall, at the option of the holder hereof, become due and payable forthwith."
Under the terms of the note, it is clear that the LaBellas have waived their right to notice of any monetary default under the note.[9] See Coolidge CT Ld. v. 1200 Main St. Ass'n., Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 265384 (February 17, 1995, Hauser, J.) (granting a motion to strike a special defense on the ground that the defendants had waived notice of default.)
The mortgage on the Fairfield property (Paragraph 19) states, in pertinent part, "Lender shall give notice to Borrower prior to acceleration following Borrower's breach of any covenant or agreement in this Security Instrument . . . . The notice shall specify: (a) the default; (b) the action required to cure the default; (c) a date, not less than 30 days from the date the notice is given to Borrower, by which the default must be cured on (d) that failure to cure the default on or before the date specified in the notice may result in acceleration of the sums secured by this Security Instrument and foreclosure or sale of the Property." (Paragraph 19.)
Paragraph 19 of the mortgage deed raises a genuine issue as to whether notice of foreclosure was required under the mortgage deed.
The failure to give proper notice of default, when a notice is required, bars the entry of a judgment of foreclosure. FortuneSavings Bank v. Thibodeau, supra, 1992 Ct. Case Base 10350. The genuine issue of notice is material and precludes granting summary judgment.
The motion for summary judgment is denied. The LaBellas' first special defense may be a valid defense to the foreclosure action. The court did not consider the second special defense.
Dated at Bridgeport, Connecticut, this 26th of June, 1995.
RICHARD J. TOBIN, JUDGE CT Page 6530